T.C. Summary Opinion 2003-30

UNITED STATES TAX COURT

JEFFREY S. LINDQUIST, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5602-01S.                    Filed March 27, 2003.

Jeffrey S. Lindquist, pro se.

<u>Julia L. Wahl</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $1,050 for the taxable year 1998.

The issues for decision are: (1) Whether petitioner is entitled to a deduction for a dependency exemption for his son and (2) whether petitioner is entitled to claim a child tax credit.

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing the petition herein, petitioner resided at Kane, Pennsylvania.

Petitioner was previously married to Cara Leanne Lindquist (Ms. Lindquist). They had a child, Justin Lindquist (Justin), born June 3, 1991. On April 22, 1996, petitioner and Ms. Lindquist entered into a "Marital Termination Agreement", which provided in part:

> 10. Beginning in calendar year 1996, and for so long as the child of the parties is eligible to be claimed as a dependent/exemption for state and federal income tax purposes, [petitioner] may claim the parties' son, Justin Scott Lindquist, as a dependent/exemption. Provided that [petitioner] is current in the child support obligation as provided for herein, [Ms. Lindquist] shall execute any and all documents provided to [Ms. Lindquist] by [petitioner] as are necessary for [petitioner] to successfully claim said child as a dependent/exemption.

Petitioner and Ms. Lindquist were divorced on June 27, 1997, pursuant to the "Findings of Fact, Conclusions of Law, Order for

Judgment and Judgment and Decree of Dissolution" (divorce decree) by the District Court of the Third Judicial District for Mower County, Minnesota (Mower County district court).  Under the divorce decree, they were granted joint legal custody of Justin, while Ms. Lindquist was granted sole physical custody.  Similar to the "Marital Termination Agreement", the divorce decree also provided:

> 8.  That beginning in calendar year 1997, and for so long as the child of the parties is eligible to be claimed as a dependent/exemption for state and federal income tax purposes, [petitioner] may claim the parties' son, Justin Scott Lindquist, as a dependent/exemption.  Provided that [petitioner] is current in the child support obligation as provided for herein, [Ms. Lindquist] shall execute any and all documents provided to [Ms. Lindquist] by [petitioner] as are necessary for [petitioner] to successfully claim said child as a dependent/exemption.

Petitioner filed a 1998 Federal income tax return (return).  Petitioner claimed a dependency exemption for Justin and claimed a child tax credit in the amount of $400.[1]  Petitioner did not attach to his return a written declaration executed by Ms. Lindquist.  Nor did petitioner ask Ms. Lindquist to sign a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, for the taxable year 1998 since he believed that she would not execute the required form.  Petitioner further concluded that it would be unrealistic for him, as a resident of

---

[1] According to respondent, Ms. Lindquist also claimed a dependency exemption for Justin for the 1998 taxable year.

Pennsylvania, to return to the Mower County district court in Minnesota to seek enforcement of the terms of the divorce decree.

In the notice of deficiency, respondent disallowed the dependency exemption deduction for Justin and disallowed the child tax credit claimed by petitioner for the 1998 taxable year.

Discussion

1.  Dependency Exemption

A taxpayer may be entitled to claim as a deduction an exemption amount for each of his or her dependents.  Sec. 151(c). An individual must meet the following five tests in order to qualify as a dependent of the taxpayer:  (1) Support test, (2) relationship or household test, (3) citizenship or residency test, (4) gross income test, and (5) joint return test.  Secs. 151 and 152.  If the individual fails any of these tests, he or she does not qualify as a dependent.

As to the support test, the taxpayer generally must provide more than half of a claimed dependent's support for the calendar year in which the taxable year of the taxpayer begins.  Sec. 152(a).  In the case of a child of divorced parents, the custodial parent is generally deemed to have furnished over half the support of such child and is thus permitted the dependency exemption.  However, an exception arises when the custodial parent releases claim to the exemption pursuant to the provisions of section 152(e)(2), which provides:

SEC. 152(e). Support Test in Case of Divorced Parents, Etc.--

\*       \*       \*       \*       \*       \*       \*

(2) Exception where custodial parent releases claim to exemption for the year.--A child of parents \* \* \* shall be treated as having received over half of his support during a calendar year from the noncustodial parent if--

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

The temporary regulations promulgated with respect to section 152(e) provide that a noncustodial parent may claim the exemption for a dependent child "only if the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year."[2]  Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459

---

[2] Temporary regulations are entitled to the same weight as final regulations.  See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992).

(Aug. 31, 1984); see <u>Miller v. Commissioner</u>, 114 T.C. 184, 188-189 (2000), affd. on another ground sub nom. <u>Lovejoy v. Commissioner</u>, 293 F.3d 1208 (10th Cir. 2002). The declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a statement conforming to the substance of Form 8332. <u>Miller v. Commissioner</u>, <u>supra</u> at 189.

Form 8332 requires a taxpayer to furnish (1) the names of the children for which exemption claims were released, (2) the years for which the claims were released, (3) the signature of the custodial parent confirming his or her consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and the Social Security number of the parent claiming the exemption. <u>Miller v. Commissioner</u>, <u>supra</u> at 190.

Petitioner did not comply with the provisions of section 152(e)(2) and the regulations thereunder by attaching to his return a written declaration or Form 8332 executed by Ms. Lindquist. Petitioner, as a noncustodial parent, is not entitled to the dependency exemption for Justin for the 1998 taxable year.

Petitioner nevertheless argues that he is current in his child support obligation and that, under the terms of the Marital Termination Agreement and divorce decree, he is entitled to the dependency exemption. He further points out that it is unrealistic for him, as a resident of Pennsylvania, to return to

the Mower County district court in Minnesota to seek enforcement of the terms of the divorce decree.

We are not unsympathetic to petitioner's position. However, we are bound by the language of the statute as it is written and the accompanying regulations, when consistent therewith. Michaels v. Commissioner, 87 T.C. 1412, 1417 (1986). The Internal Revenue Code is clear as to the precise circumstance in which a noncustodial parent becomes entitled to a dependency exemption. See Neal v. Commissioner, T.C. Memo 1999-97. Respondent is sustained on this issue.

2. Child Tax Credit

A taxpayer may be entitled to claim a credit against tax with respect to each "qualifying child". Sec. 24(a). The term "qualifying child" is defined, among other things, as any individual if "the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year". Sec. 24(c)(1)(A). For the reasons stated above, petitioner is not entitled to a dependency exemption deduction under section 151 with respect to Justin. It therefore follows that petitioner is not entitled to a child tax credit under section 24(a).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.